**Entered on Docket
September 07, 2011**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

KATHIE J. SIMMONS,                                                  Misc. No. 11-104

                              Attorney.
_____/

Memorandum on Motion for Sanctions
_____

       In *In re Montgomery,* case number 10-14520, the U.S. Trustee has moved the court for imposition of sanctions against attorney Kathie J. Simmons for improper and unlawful acts. Because these acts were repeated in numerous other cases, the court has elected to open a separate miscellaneous file to deal with Simmons.

       Simmons has admitted that it became her regular custom and practice, in perhaps 20 cases, to file an application to pay the court filing fee in installments even though her clients had paid her in full for the filing fee. This involved Simmons, in each case, filing a false application for leave to pay the filing fee in installments. Not only was the allegation that the client was unable to pay the filing fee except in installments false (they had already paid Simmons the filing fee in full), but Simmons filed the application electronically with the representation that her clients had signed it when in fact they had not, and knew nothing of it.[1]

       By requiring her clients to pay her the filing fee in full and then paying the court in

---

[1] Simmons' scheme came to light when she failed to make an installment payment in the Montgomery case, thereby causing the case to be dismissed.

installments, Simmons was in effect tricking her clients into making her interest-free loans. In addition, Simmons has clearly violated Rule 9011(b) of the Federal Rules of Bankruptcy Procedure. The court finds that sanctions are necessary to deter Simmons from repeating her conduct and that such sanction are permitted pursuant to both Rule 9011(c) and the court's inherent powers.

Rule 9011(b)(3) provides that whenever an attorney presents a paper to the court he or she is certifying that the factual contentions have evidentiary support. Simmons knew when she was filing the applications for leave to pay the filing fees in installments that her clients could afford to pay the full filing fee and in fact had paid her in full. She therefore violated Rule 9011(b)(3) each time she filed a false installment application.

When an attorney electronically files a document with the representation that it has been signed by the client, the attorney is certifying to the court that he or she has the original in his or her physical possession bearing the original signature of the client. If the certification is false, the attorney is subject to sanctions pursuant to Rule 9011. *In re Tran,* 427 B.R. 805, 808 (Bankr.N.D.Cal.2010*),* aff'd sub nom. *In re Nguyen,* 447 B.R. 268, (9th Cir. BAP 2011); *In re Brown,* 328 B.R. 556, 559 (Bkrtcy.N.D.Cal 2005).[2]

The court confesses to be stunned by Simmons' willful misconduct. In mitigation, the court notes that Simmons' fees are lower that the average fees for her services. However, that is counterbalanced by her general lack of ability; her clients do not get more than they pay for. The court finds that substantial sanctions are necessary to do justice and deter future misconduct.

The court has already imposed a 90-day partial suspension on Simmons, forbidding her from filing new cases during that period. The court limited the suspension mainly out of concern for Simmons' existing clients, many of whom may be unable to afford new counsel if Simmons is fully

---

[2]In addition, B.L.R. 5005-2(c) provides: "The electronic filing of a document purportedly signed by someone other than the Registered Participant, including but not limited to the petition, statement of financial affairs, and schedules of assets and liabilities, shall be deemed a certification by the Registered Participant that he or she has the document in question, bearing the person's original signature, in his or her physical possession." Simmons has violated this rule as well.

2

suspended. However, it is clear that some sort of further suspension is necessary to bring home to Simmons the consequences of her wrongdoing. Accordingly, when her partial suspension is complete she shall be fully suspended from practice in all of the bankruptcy courts of this district for an additional 45 days, during which time she may not file any papers or make any appearance in any of those courts.[3] Moreover, as a condition of reinstatement after such suspension Simmons shall be required to have re-taken and passed the court's Electronic Case Filing training course.

In addition to the above suspensions, Simmons shall pay a fine of $10,000.00 to the Clerk of the court before reinstatement. Provided, however, that half of said fine shall be stayed so long as Simmons never again falsely represents that her client has signed a paper.

The court expresses its appreciation to the U.S. Trustee for bringing Simmons' misconduct to its attention.

A separate order will be entered. The Clerk shall transmit a copy of this Memorandum and the order to the State Bar of California.[4]

Dated: September 7, 2011

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[3] A bankruptcy court may suspend an attorney from practice where bad faith willful misconduct is shown. *In re Lehtinen*, 564 F.3d 1052, 1062 (9th Cir. 2009). *In re Nguyen*, 447 B.R. 268, 282 (9th Cir. BAP 2011).

[4] The court notes that Simmons' conduct also probably violated several of the Rules of Professional Conduct of the State Bar of California, including Rule 4-100 (Preserving Identity of Funds and Property of a Client) and 5-200(B) (misleading a judge by a false statement of fact).